The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ALPENSPRUCE EDUCATION SOLUTIONS INC., a Washington corporation,

          Plaintiff,

v.

CASCADE PARENT LIMITED, a Jersey limited company; and PARALLELS INC., a Delaware corporation,

          Defendants.

No. 2:23-CV-00692-MJP

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**

NOTE ON MOTION CALENDAR:  6/7/2024

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter.

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan.  To further the application of the proportionality standard in discovery, requests for production of ESI and related

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 1

507012899.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE  +1 206 623 7580
FACSIMILE: +1 206 623 7022

responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.  Non-Email ESI Searching**

1. Absent agreement of the parties or further order, the following parameters apply to ESI searching other than "Potential E-Mail Custodians" (defined below) under Rules 34 and 45 or in compliance with a disclosure requirement of this Court.

2. <u>On-site inspection of electronic media.</u>  Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

3. <u>Search methodology.</u>  Within 15 days of entry of this Order, Plaintiff and Defendants shall each disclose the non-email data sources that are being collected, which will then be reviewed for responsiveness, relevance and privilege. The disclosure shall identify the data sources by custodian, where applicable.

    a.    Such disclosure shall include a list of non-email data sources, if any, likely to contain discoverable ESI that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

    b.    The producing party shall disclose the search terms and queries, as well as any file type and date restrictions or other methodology, it proposes to use to locate non-email ESI likely to contain responsive and discoverable information. The receiving party may, within 5 days of the disclosure, add 5 additional search terms or queries to those disclosed by the producing party. Upon running the additional requested search terms, the producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and provide a counter-proposal correcting the overbroad search or query.  A search that returns

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 2

507012899.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

more than 250 megabytes of data, excluding Microsoft PowerPoint files, audio files, and similarly large file types, is presumed to be overbroad.

4. For the avoidance of doubt, although the parties agree to the above-identified protocol regarding the use of search terms to identify potentially responsive ESI, the parties also agree that they have a separate obligation to ensure that a reasonable search is conducted to identify relevant and responsive documents, regardless of whether search terms are used to identify such documents.

**C. E-Mail Searching**

1. <u>E-Mail disclosures</u>. Within 15 days of entry of this Order, or such other mutually agreed upon date by the parties, each party shall disclose to the other up to ten e-mail custodians most likely to have discoverable e-mail in their possession, custody, or control ("Potential E-Mail Custodians"). The Potential E-Mail Custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The producing party shall disclose the search terms and queries, as well as date restrictions or other methodology, it proposes to use to locate e-mail ESI likely to contain responsive and discoverable information.

2. <u>E-Mail searching</u>. Each party may identify up to five E-Mail Custodians from among the opposing party's identified Potential E-Mail Custodians for e-mail searching, along with up to seven additional search terms to be searched per E-Mail Custodian.

3. <u>Search terms</u>. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 3

507012899.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

4. <u>Narrowing of searches.</u> Upon running the identified search terms for the identified E-Mail Custodians, the producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and provide a counter-proposal correcting the overbroad search or query. A search that, when run against a single custodian, returns more than 250 megabytes of data (excluding Microsoft PowerPoint files, audio files, and similarly large file types), is presumed to be overbroad.

5. <u>Review</u>. Parties shall still review e-mail search results for relevance, responsiveness and privilege prior to production.

6. <u>Inclusive E-mails.</u> To the extent that an e-mail with its attachments is duplicative of an e-mail family that has been or otherwise will be produced, in its entirety, as part of a larger e-mail thread, each party is only required to review and produce the inclusive files from that larger e-mail thread. A party may not redact or otherwise omit any duplicative e-mail or attachment from a different or separate e-mail thread.

**D. ESI Production Formatting (for both non-email and e-mail ESI):**

1. <u>General format of ESI production</u>: The Parties agree to produce each electronic document, not specifically covered in this agreement as being produced natively, that is responsive, not privileged, and not subject to the attorney work product doctrine and/or any other applicable privilege or protection in electronic format as a Bates numbered 300 dots per inch (dpi) single-page, Group IV TIFF file with corresponding searchable text.

2. ESI and non-ESI shall be produced to the receiving party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 4

507012899.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

3. <u>Metadata</u>.  The parties shall preserve and provide the following metadata for all ESI produced, to the extent such metadata exists:

    Begin Bates

    End Bates

    Pages

    BeginFamily

    EndFamily

    Family Range

    Parent Id

    AttachBates

    File Extension

    File Size

    MD5 Hash

    Date Modified

    Date Created

    Author

    Filename

    Time Received:Time Only: (field: Date Received)

    Date Received:Date Only: (field: Date Received)

    Date Sent:Date Only: (field: Date Sent)

    Time Sent:Time Only: (field: Date Sent)

    From

    To

    Cc

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 5

507012899.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

        Bcc

        Custodian

        Message Id

        Subject

        File Path

        TextPath

        NativePath

        Redacted

        Confidentiality / Designation

        Family Date

4. <u>Fields included</u>. Where such fields exist, ESI must include the date and time that a document was sent and received, as well as the complete distribution list.

5. <u>Footer</u>. Each document image must contain a footer with a sequentially ascending production number.

6. <u>Native files</u>. Excel, any other spreadsheets, and other files that are not easily converted to image format shall be produced in native format.  For other ESI, a party receiving a document produced in the format specified above may make a reasonable request after review to receive the document in its native format. Upon such request, the producing party must produce the document in its native format or bring concerns of burden to the requesting party's attention.

7. <u>No backup restoration required</u>. Absent a showing of good cause, when complying with discovery obligations in the present case, no party need restore any form of media upon which backup data is maintained in a party's normal operations. This includes without limitation backup tapes, disks, SAN, and other forms of media.

8. <u>Voicemail</u>. Absent a showing of good cause, voicemails are deemed to be not reasonably accessible and need not be collected and preserved.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 6

507012899.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

9. <u>Hard-Copy Documents</u>.  If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document.  Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).  Each file will be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

10. <u>De-duplication</u>. The parties may de-duplicate their ESI production within a given custodian or globally (ie, across all custodial and non-custodial data sources) after disclosure to the requesting party, provided that the duplicate custodian information removed during the de-duplication process is tracked in a duplicate/other custodian field in the database load file.

11. <u>Technology Assisted Review</u>. The parties may use technology assisted review ("TAR") in connection with its review and production of documents. If a party uses TAR, it shall disclose the TAR software used, the TAR methodology used, the criteria used to identify the universe of documents to which TAR was applied (including any pre-culling of documents, search terms, domain filtering, file-type exclusions, minimum text requirements, etc.), the methodology of the training process, the targeted level of recall (e.g., 70%) (if any), the methodology and results of the validation testing used, and how documents containing little or no text (e.g., media files, images, un-OCR'ed PDFs, encrypted files) were handled

**E. Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 7

507012899.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

    1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

    2.    This agreement does not limit the parties' obligation to supplement their disclosures in accordance with Fed. R. Civ. P. 26(e).

    3.    Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.    Deleted, slack, fragmented, or other data only accessible by forensics.

    b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.    Back-up data that are duplicative of data that are more accessible elsewhere.

    f.    Server, system or network logs.

    g.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h.    Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud"

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 8

507012899.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

storage).

**E.   Privilege**

1.   A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.  Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.  Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2.   Privilege logs must also include documents redacted on privilege grounds.

3.   With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.   Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.   Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 9

507012899.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, per the procedure set forth in the parties' Protective Order, incorporated herein by reference.

DATED this 7th day of June, 2024

| K&L GATES LLP | Hills Clark Martin & Peterson P.S. |
| | Barnes & Thornburg, LLP |
| By s/ Pam Kohli Jacobson | By: s/ Rosa O. Ostrom |
| Pam Kohli Jacobson, WSBA No. 31810 | Michael J. Ewart, WSBA No. 38655 |
| Ryan W. Edmondson, WSBA No. 41651 | Rosa O. Ostrom, WSBA No. 55933 |
| 925 4th Ave., Suite 2900 | 999 Third Avenue, Suite 4600 |
| Seattle, WA 98104 | Seattle, WA 98104 |
| Phone: (206) 370-7605 | (206) 623-1745 |
| pam.jacobson@klgates.com | jake.ewart@hcmp.com |
| ryan.edmondson@klgates.com | rosa.ostrom@hcmp.com |

*Attorneys for Plaintiff Alpenspruce Education Solutions Inc.*

Jonathan Froemel (Pro Hac Vice)
Megan New (Pro Hac Vice)
Bruce Ratain (Pro Hac Vice)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313
jfroemel@btlaw.com
megan.new@btlaw.com
Bruce.ratain@btlaw.com

David Wong (Pro Hac Vice)
11 S. Meridian Street
Indianapolis, IN 46204-3535
(317) 236-1313
dwong@btlaw.com

*Attorneys for Defendants Cascade Parent Limited and Parallels Inc.*

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 10

507012899.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: June 11, 2024

*[signature]*

The Honorable Marsha J. Pechman
UNITED STATES DISTRICT JUDGE

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER (2:23-CV-00692-MJP) - 11

507012899.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022