UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALPENSPRUCE EDUCATION SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> CASCADE PARENT LIMITED; and PARALLELS INC., <br><br> Defendants. | CASE NO. C23-692 MJP <br><br> ORDER DENYING JOINT MOTION TO EXTEND CASE SCHEDULE |

This matter comes before the Court on the Parties' Expedited Joint Motion Regarding Plaintiff's Request for Extension of the Case Schedule Deadlines. (Dkt. No. 46.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

Plaintiff has failed to demonstrate sufficient diligence in pursuing discovery to support the requested extension of the trial and case deadlines. While Plaintiff claims that it has been diligent in "fulfilling its discovery obligations," it has not demonstrated that it timely conducted offensive discovery during the lengthy discovery period established in this case. Back on

ORDER DENYING JOINT MOTION TO EXTEND CASE SCHEDULE - 1

September 13, 2023, the Court set discovery to run until July 12, 2024, before a December 9, 2024 trial. (Dkt. No. 26.) On January 8, 2024, the Court issued a 120-day stay to allow the Parties to mediate, which paused discovery. (Dkt. No. 28.) But on May 8, 2024, after the Parties failed to resolve this matter, the Court terminated the stay, extended discovery to November 8, 2024, and set this matter for trial on April 8, 2025. (Dkt. No. 33). Notwithstanding the fact that Plaintiffs could have conducted discovery between September 13, 2023 and January 8, 2024 and after May 8, 2024, Plaintiffs did not notice depositions of witnesses until late September 2024. (Dkt. No. 46-2 at 82, 85; Dkt. No. 46-5 at 12.) And once Plaintiffs issued their deposition notices, Defendants provided deposition dates within the discovery period. (Dkt. No. 46-2 at 109.) Plaintiffs also waited until the middle of June 2024 to issue third-party subpoenas, and Plaintiff has not explained why it waited so long to do so. And although Plaintiff suggests that Defendants have delayed in producing documents, it has not identified the date it served any discovery or any evidence that Defendants failed to timely respond. On this record, there is no evidence of diligence that might warrant an extension of any of the case deadlines or the trial date. For these reasons, the Court DENIES the Motion without prejudice.

    The Court also notes that Plaintiff's now-withdrawn request for the extension due to counsel's obligations in another matter would not have formed the basis of any extension in this matter. Plaintiff premised its extension request, in part, on the theory that counsel's "entire trial team for this case" was not available to conduct any discovery from October 25, 2024 through November 20, 2024 because a trial in another matter. (Mot. at 5.) Counsel's obligations in unrelated matters cannot form the basis of an extension of case schedule in this matter. This is particularly true where the purported conflict was minimal (a maximum of two weeks) and where counsel could have avoided the impact had it conducted offensive discovery in a timely

ORDER DENYING JOINT MOTION TO EXTEND CASE SCHEDULE - 2

manner in this case. Additionally, Plaintiff has not explained why no other attorneys at K&L Gates could have participated in discovery during the two-week window of purported conflict.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 5, 2024.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING JOINT MOTION TO EXTEND CASE SCHEDULE - 3