1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT SEATTLE

10  ALPENSPRUCE EDUCATION          CASE NO. C23-692 MJP
    SOLUTIONS INC.,
11                                 ORDER GRANTING
                       Plaintiff,  DEFENDANTS' MOTION TO
12                                 COMPEL DISCOVERY
            v.
13
    CASCADE PARENT LIMITED; and
14  PARALLELS INC.,

15                     Defendants.

16

17      This matter comes before the Court on the Parties' LCR 37 Expedited Joint Motion

18  Regarding Defendants' Motion to Compel Discovery. (Dkt. No. 47.) Having reviewed the

19  Motion and all supporting materials, the Court GRANTS the Motion.

20                              **BACKGROUND**

21      Defendants seek to compel supplemental responses to Interrogatory No. 10 and 11.

22  Interrogatory No. 10 asks Plaintiff to:

23
24

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY - 1

> Identify each expense incurred and/or activity performed to promote and/or build awareness of Your ALLUDO brand from 2016 to present and identify all documents that support such claimed expense and/or activity.

(Mot. at 5.) After voluminous objections, Plaintiff answered Interrogatory No. 10 as follows:

> Plaintiff will produce nonprivileged documents consisting of income statements sufficient to show expenses incurred in the promotion of Plaintiff's products, and will supplement its response accordingly thereafter to identify documents by Bates number. These expenses are listed in the "Product Subcontractors – 1099," "Product Subcontractors - Corporate or Foreign," "Education/Conference," "Marketing and Promotion," "Marketing and Promotion – 1099," "Meals and Entertainment," Postage/Shipping," and "Travel- Air/Hotels/Other" line items.

(Id.) Plaintiff then supplemented this response, stating:

> Plaintiff has produced documents consisting of income statements sufficient to show expenses incurred in the promotion of Plaintiff's products. These expenses are listed in the "Product Subcontractors – 1099," "Product Subcontractors -Corporate or Foreign," "Education/Conference," "Marketing and Promotion," "Marketing and Promotion – 1099," "Meals and Entertainment," Postage/Shipping," and "Travel- Air/Hotels/Other" line items. See ALPEN_0000277 to ALPEN_0000293. Plaintiff's review of its ESI is ongoing and Plaintiff will further supplement this response.

(Id. at 5-6.)

Interrogatory No. 11 asks Plaintiff to:

> Identify and describe all factors that contributed to any increase or decrease in Alpenspruce's revenue year to year between 2016 and present and identify documents sufficient to support those claimed factors.

(Id. at 6.) After lengthy objections, Plaintiff responded as follows:

> Plaintiff will produce nonprivileged documents sufficient to show factors that have impacted Plaintiff's annual revenue and will supplement its response accordingly thereafter to identify documents by Bates number. Plaintiff's revenue has been positively impacted by Plaintiff's investment in marketing, search engine results, conference attendance, conference sponsorship, increase in content library, client referrals, quality customer service, and business focus on the K-12 education field. These factors contributed to Plaintiff's growth in revenue. Beginning in 2022, the following factors have contributed to Plaintiff's decrease in revenue: 1) diluted search engine results caused by Defendants' adoption of, and marketing for, an identical ALLUDO mark; 2) conference attendee confusion as to the relationship or affiliation between Plaintiff and Defendants caused by Defendants' adoption and promotion of trademark confusingly similar to Plaintiff's ALLUDO mark; 3) potential customers' confusion as to the

relationship or affiliation between Plaintiff and Defendants caused by Defendants' adoption and promotion of trademark confusingly similar to Plaintiff's ALLUDO mark.

(Id. at 6.) Plaintiff supplemented its response as follows:

> Documents reflecting the positive impact of Plaintiff's revenue by Plaintiff's investment in its marketing, search engine results, conference attendance, conference sponsorship, increase in content library, client referrals, quality customer service, and business focus on the K-12 education field are reflected in the following documents: ALPEN_0000582-ALPEN_0000742. Plaintiff's review of its ESI is ongoing and Plaintiff will further supplement this response to identify by Bates-number additional documents reflecting any positive factors reflecting an increase in revenue identified in Plaintiff's response.
>
> Documents reflecting factors contributing to a decrease in revenue are reflected in the following documents: ALPEN_0000081, ALPEN_0000082-83, ALPEN_0000084, ALPEN_0000085, ALPEN_0000090-93, ALPEN_0000094-101, ALPEN_0000102-107, ALPEN_0000197-000198, ALPEN_0000313-0000368; ALPEN_0001338, ALPEN_00001352, ALPEN_0001353, ALPEN_0001379, ALPEN_0001380; ALPEN_0006167, ALPEN_0000108-ALPEN_0000196 (Plaintiff's confusion log); documents supporting Plaintiff's confusion log and associated emails listed on the confusion log, at ALPEN_0000754-ALPEN_0008239. Plaintiff's review of its ESI is ongoing and Plaintiff will further supplement this response to identify by Bates number additional documents reflecting those factors identified in Plaintiff's response.

(Id. at 6-7.)

Defendants now move to compel further answers. As to Interrogatory No. 10, Defendant ask the Court to compel Plaintiff to "provide a full answer identifying in writing the specific activities that Plaintiff contends it performed to promote and/or build awareness of its brand and the expense associated with each activity." (Mot. at 8.) Alternatively, Defendant asks the Court to prohibit Plaintiff from "providing any testimony or argument that it has engaged in any activities to promote and/or build awareness of its brand, that its brand has established goodwill, or that it is entitled to future corrective advertising damages." (Id. at 8-9.) Plaintiff objects to supplementing Interrogatory No. 10 on the theory that the income statements it has provided are sufficient to answer this interrogatory and that any questions about those materials can be examined through depositions. (Id. at 11.) As to Interrogatory No. 11, Defendants ask the Court

1  to "compel Plaintiff to provide a full response to this Interrogatory, identifying all factors that
2  contributed to an increase or decrease in Alpenspruce's revenue year to year from 2016 to 2022."
3  (Id. at 10.) Plaintiff refuses to supplement its response, noting that it already identified the factors
4  involved and produced documents supporting the factors such that Defendants have all the
5  information they sought through the interrogatory. (Id. at 11.)

## ANALYSIS

### A. Legal Standard

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," among other considerations. Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

The parties must also meet and confer prior in an effort to resolve the dispute before seeking assistance of the Court, and so certify. See Local Civil Rule 37(a)(1). The Court is satisfied that the Parties have conferred as required by this Local Rule, and appreciates their use of the joint motion format of Local Civil Rule 37(a).

### B. Interrogatory No. 10

The Court agrees with Defendants that Plaintiffs must supplement its response to Interrogatory No. 10. The information sought is directly relevant to the question of the strength of Plaintiff's trademark, a factor to be considered as part of Plaintiff's trademark infringement claim. See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgt., Inc., 618 F.3d 1025,

1032 (9th Cir. 2010) (noting that "[a] mark's strength" is relevant to the overall confusion analysis in a trademark infringement action). And the request is proportional to the needs of the case, as this is a factor the Court and/or jury must eventually analyze. Plaintiff's initial and supplemental responses fail to identify with sufficient specificity the activities it undertook to promote its brand from 2016 to the present and the related expenses. The income statements provided in discovery are not a sufficient means of responding, as they do not identify with any specificity the activities undertaken and the related expenses. The Court therefore GRANTS the Motion and ORDERS Plaintiff to identify in writing the specific activities that Plaintiff contends it performed to promote and/or build awareness of its brand and the expense associated with each activity from 2016 to the present.

**C.     Interrogatory No. 11**

The Court also agrees that Plaintiff must supplement its response to Interrogatory No. 11. The information sought is relevant to damages, and it is proportional to the needs of the case particularly since Plaintiff has identified no particular burden. While the Court agrees with Plaintiff that it has satisfactorily identified the factors that contributed to increases and decreases in revenue, the Court finds that the response is unduly limited to 2022 to the present. Interrogatory No. 11 seeks this information going back to 2016, and revenues associated with that time period are relevant to damages. Plaintiff provides no reason why it would be unreasonable to provide the information for this time period. The Court therefore GRANTS Defendants' Motion and ORDERS Plaintiff to supplement its written response to identify all factors that contributed to an increase or decrease in its revenue year to year from 2016 to 2022.

## CONCLUSION

Defendants have identified sufficient reasons why Plaintiff's responses to Interrogatories Nos. 10 and 11 are deficient. The Court therefore GRANTS the Motion and ORDERS Plaintiff to supplement its responses consistent with this Order. Plaintiff must do so within 7 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 6, 2024.

Marsha J. Pechman
United States Senior District Judge