UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALPENSPRUCE EDUCATION SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> CASCADE PARENT LIMITED; and PARALLELS INC., <br><br> Defendants. | CASE NO. C23-692 MJP <br><br> ORDER ON NINE MOTIONS TO SEAL |

This matter comes before the Court on Defendants' Motions to Seal (Dkt. Nos. 57, 79, 80, 81, 100, 106, 112, 131) and Plaintiff's Motion to Seal (Dkt. No. 74). Having reviewed the Motions, the Responses (Dkt. Nos. 95, 118, 135), and all supporting materials, the Court DENIES the Motions and UNSEALS all of the materials that have been filed on the docket provisionally under seal.

## BACKGROUND

The Parties have filed cross-motions for summary judgment and five motions to exclude. In support of these motions and briefing, the Parties have filed certain documents marked as

confidential under the Protective Order that they wish the Court to seal. In total, the Parties have filed nine motions to seal, which the Court reviews before analyzing the merits of the requests.

**A.     Defendants' Motion to Seal Their Motion for Summary Judgment and Exhibits**

With their Motion for Summary Judgment, Defendants filed three motions to seal. The first asks the Court to seal an unredacted copy of the Motion for Summary Judgment, though Defendants take no position on whether it should be granted. (Dkt. No. 79.) The second motion asks the Court to seal two exhibits to the Declaration of Bruce Ratain filed in support of the Defendants' Motion for Summary Judgment that Defendants would like the Court to seal. (Motion to Seal Exs. P & HH to the Ratain Decl. (Dkt. No. 80).) And third motion asks the Court to provisionally seal five exhibits to Ratain's Declaration that were marked as confidential by Plaintiff and on whose sealing Defendants takes no position. (Motion to Seal Exs. E, M, O, W, & MM to the Ratain Decl. (Dkt. No. 81).) The Court reviews the second and third motion before discussing the first.

In their second Motion to Seal (Dkt. No. 80), Defendants identify two documents they affirmatively wish to be sealed. First, Exhibit P is the rebuttal report of Defendants' expert, Jennifer Vanderhart, Ph.D. (Dkt. No. 91.) Defendants claim that Vanderhart's report "contains confidential financial information, including Defendants' revenue and sales figures and marketing expenditures, as well as customer data analytics of Defendants' customers and website traffic." (Defs. Mot to Seal at 3 (Dkt. No. 80).) Second, Exhibit HH is a string of "e-mails concerning Defendants' marketing strategies, including a prospective trademark and company name considered by Defendants during its rebrand and employee names and e-mails." (Defs. Mot. to Seal at 4 (Dkt. No. 80); (Exhibit HH (Dkt. No. 90).) Although Defendants claim that

1 | disclosure of these documents could harm their business interests, they fail to provide any
2 | evidentiary support for their argument.
3 |       In their third Motion to Seal (Dkt. No. 81), Defendants identify five documents that
4 | Plaintiff marked as confidential which Plaintiff asks the Court to seal (Dkt. No. 95). First,
5 | Plaintiff's Chief Financial Officer, Christopher Mayer, describes Exhibit E as an investor
6 | presentation that "includes detailed information regarding Alpenspruce's income and business
7 | strategy." (Declaration of Christopher Mayer ¶ 5 (Dkt. No. 96).) Plaintiff has filed a publicly-
8 | viewable copy of the document with the purportedly sensitive information redacted. (Id.)
9 | Second, Mayer describes Exhibit W as "a detailed list of all income earned by Alpenspruce from
10 | 2017 through 2024 and includes the names of all of Alpenspruce's customers." (Id. ¶ 6.) Third,
11 | Mayer reports that "Exhibit MM contains confidential and non-public information" which
12 | "list[s] Alpenspruce's expenditures in marketing and advertising its products over the course of
13 | years" and "the names of persons receiving payment from Alpenspruce, and the amounts paid."
14 | (Id. ¶ 7.) Fourth, Exhibit M are several pages from Mayer's deposition, which he describes as
15 | concerning "Alpenspruce's business practices" and "the total amount spent by Alpenspruce from
16 | 2018 through 2024 on marketing and promotion." (Id. ¶ 9.) Fifth, Mayer states that Exhibit O,
17 | four pages from Julie Francis' deposition, "contain[s] confidential information related to
18 | Alpenspruce's sales strategy and practices" that "is related to Alpenspruce's customer
19 | acquisitions, lead generation, and sales cycles." (Id. ¶ 10.) In support of sealing all five
20 | documents, Plaintiff relies on Mayer's statement that if this information was disclosed it "could
21 | cause competitive and financial harm to Alpenspruce by allowing the public and potential
22 | competitors to see the vendor, marketing, and financial information of Alpenspruce, which could
23 | then be used in a competitive manner against Alpenspruce." (Id. ¶ 11.)
24 |

ORDER ON NINE MOTIONS TO SEAL - 3

1        In response to Defendants' third Motion to Seal, Plaintiff asks the Court to keep the unredacted copy of Defendants' Motion for Summary Judgment sealed. (See Dkt. No. 95.) Plaintiff's position is derivative of its positions as to the exhibits identified in the Third Motion to Seal. The Court notes that Mayer does not specifically opine on whether release of the information in the Motion for Summary Judgment would harm Defendants. Nor does he attest that he has reviewed Defendants' Motion for Summary Judgment—only the "exhibits." (See Mayer Decl. ¶ 4.)

**B.    Defendants' Motion to Seal Voth Materials**

Defendants have moved to exclude some of the testimony of Plaintiff's expert, Drew Voth. (Dkt. No. 58.) With their motion to exclude, Defendants filed copies of Voth's report and rebuttal report, as well as portions of his deposition testimony under seal. (See Exhibits G, H, and I to the Declaration of Bruce Ratain ISO Excluding Voth (Dkt. Nos. 60, 61, 62).) Defendants provisionally moved to seal these documents to comply with the Protective Order and take no position on whether they should be sealed. (Mot to Seal (Dkt. No. 57).) In its response, Plaintiff asks the Court to seal all three exhibits. (Pl. Resp. (Dkt. No. 95).) Relying again on Mayer's same declaration noted above, Plaintiff contends that "[t]he Voth Reports and deposition (Exhibits G-I to the Ratain Daubert Declaration) contain the opinions of Plaintiff's damages expert, and detail the financial information of both Plaintiff and Defendant." (Id. (citing Mayer Decl. ¶ 8 (Dkt. No. 96).) Mayer describes the materials as follows: "I understand that the reports of Drew Voth is [sic] based on this and other confidential financial documents we supplied him to facilitate the preparation of his reports." (Mayer Decl. ¶ 8.) Mayer's reference to documents is specific only to thee three specific exhibits in his Declaration, which are discussed above as to Defendants' Third Motion to Seal (Dkt. No. 81): Exs. E, W, and MM to Ratain's Declaration.

(Id. ¶¶ 5-7 (citing Dkt. Nos. 85, 88, 89).) And Mayer does not state that he reviewed Voth's deposition transcript. Mayer claims that all of the documents cited in his declaration, which include Voth's reports (though not his deposition testimony), if disclosed "could cause competitive and financial harm to Alpenspruce by allowing the public and potential competitors to see the vendor, marketing, and financial information of Alpenspruce, which could then be used in a competitive manner against Alpenspruce." (Id. ¶ 11.) Plaintiff claims that redactions to these documents would not be possible because "[t]here would be little substance left in these documents if redactions were applied." (Dkt. No. 95 at 5.)

**C.    Plaintiff's Motion to Seal**

Plaintiff has filed a Motion to Seal a variety of documents it has filed with its summary judgment motion and motions to exclude. (Mot. to Seal (Dkt. No. 74).) Plaintiff takes no position on whether the Court should seal the documents it filed that Defendants marked as confidential, but it asks the Court to seal all of the documents it has designated as confidential and filed under searl. The Court reviews Defendants' confidential documents before addressing Plaintiff's.

First, Plaintiff has filed under seal the following documents marked by Defendants as confidential: (1) five exhibits filed in support of Plaintiff's Motion for Summary Judgment (Declaration of Pam Jacobson Exs. 1, 2, 14, 15, 17 (Dkt. No. 76-2)); (2) two exhibits filed with a declaration in support of Plaintiff's Motion for Summary Judgment (Declaration of Damon Torgerson Exs. 26 & 28 (Dkt. No. 76-3); (3) four exhibits filed in support of Plaintiff's Motion to Exclude Kivetz and Parikh (Declaration of Ryan Edmondson Exs. A, B, C, & D (Dkt. No. 77-2)); and (4) one exhibit filed in support of Plaintiff's Motion to Exclude Steckel and Vanderhart, which is a copy of the expert report from Defendants' expert, Jennifer Vanderhart, Ph.D. (Declaration of Ryan Edmonson Ex. 4 (Dkt. No. 78)). (See Mot. to Seal at 2-3 (Dkt. No. 74).)

1  Plaintiff takes no position on whether these documents or any portions of the cited briefing that
2  discloses their contents should be sealed. Defendants have responded, arguing that all of the
3  documents reflect "confidential business, financial, and proprietary information would provide
4  Defendants' business competitors access to the information that could be used to Defendants'
5  detriment." (Resp. to Mot. to Seal at 4 (Dkt. No. 118).) Defendants do not believe that there are
6  less restrictive means to complete sealing. (Id. at 6-7.) But Defendants have filed no evidence to
7  support their legal argument.

8    Second, Plaintiff asks the Court to seal the documents it marked as confidential that were
9  filed in support of its Motion for Summary Judgment and its Motion to Exclude Steckel and
10 Vanderhart. (Dkt. No. 74 at 4.) Plaintiff asks the Court to seal Exhibits 2, 6, and 7 to the
11 Declaration of Christopher Mayer in Support of Plaintiff's Motion for Summary Judgment. (Id.;
12 see Sealed Exhibits to Mayer's Declaration (Dkt. No. 76-4).) Mayer avers that "Exhibit 2
13 contains confidential and non-public information regarding Alpenspruce," which "list
14 Alpenspruce's expenditures in marketing and advertising its products over the course of years"
15 and includes "the names of persons receiving payment from Alpenspruce, and the amounts
16 paid." (Declaration of Christopher Mayer ISO Mot. to Seal at ¶ 5 (Dkt. No. 75).) Mayer also
17 reports that "Exhibit[s] 6 and 7 are Alpenspruce's profit and loss statements dating back to 2016"
18 and that these records are kept confidential. (Id. ¶ 6.) Plaintiff also asks the Court to seal Exhibits
19 2 and 3 to the Declaration of Ryan Edmondson in Support of Plaintiff's Motion to Exclude or
20 Limit the Expert Testimony of Dr. Vanderhart and Dr. Steckel. (Mot. at 4.) These are Voth's
21 expert report and rebuttal report that were also filed as Exhibits G and I to Ratain's Declaration
22 ISO Defendants' Motion to Exclude Voth's Testimony. (Dkt. No. 58, 60, 62.) Apparently
23 referring to only one report, Mayer states "I understand that the report of Drew Voth is based on
24

ORDER ON NINE MOTIONS TO SEAL - 6

this and other confidential financial documents we supplied him to facilitate the preparation of his report." (Mayer Decl. ¶ 7.) Plaintiff argues that all of these exhibits should be sealed because of Mayer's claim that their disclosure "could cause competitive and financial harm to Alpenspruce by allowing the public and potential competitors to see the vendor, marketing, and financial information of Alpenspruce, which could then be used in a competitive manner against Alpenspruce." (Mot. at 4-5 (Dkt. No. 74); Mayer Decl. ¶ 8.) Defendants take no position on whether any of these documents should be kept under seal.

D.  **Defendants' Motions to Seal Exhibits Re: Response to Plaintiff's Motion for Summary Judgment**

Defendants have filed a Motion to Seal five pages of their Opposition to Plaintiff's Motion for Summary Judgment and two supporting exhibits (Exs. G & H to the Declaration of Bruce Ratain (Dkt. Nos. 103-105). (Defs. Mot. to Seal (Dkt. No. 100).) Exhibit G contains information labeled as "Financial Information" related to Plaintiff's operations and revenue growth. (See Dkt. No. 104.) And Exhibit H contains ten pages of Mayer's deposition. (See Dkt. No. 105.) Defendants take no position on sealing, but Plaintiff argues that both exhibits contain "confidential information and proprietary information, namely, sales and revenue information, and information related to Plaintiff's business operations." (Pl. Resp. at 4 (Dkt. No. 135).) Plaintiff invokes Mayer's prior declaration to support its argument. (Id. (citing Mayer Decl. ¶¶ 4-10 (Dkt. No. 96)).) But Mayer's declaration does not speak to either exhibit or its contents. And while Mayer's declaration identified his deposition transcript, he identified only pages 102, 103, and 113 as containing confidential materials, while Exhibit H contains excerpts from pages 50, 52, 54-57, and 66-68. (Compare Mayer Decl. ¶ 9 (Dkt. No. 96) with Ratain Decl. Ex. H (Dkt. No. 105).) As such, Plaintiff has not filed any evidence to support its legal arguments about these materials.

E. **Defendants' Motion to Seal Exhibits Re: Response to Motion to Exclude Kivetz & Parikh**

Defendants ask the Court to seal eleven pages of their response to Plaintiff's Motion to Exclude Kivetz and Parikh and portions of the deposition of Ran Kivetz, Ph.D. (filed as Exhibit A filed to the Declaration of Bruce Ratain) (Dkt. Nos. 110 & 111). (Defs. Mot to Seal (Dkt. No. 106).) Defendants claim that these materials concern their "Sealed Website Analytics" that "reflect non-public business information, including Defendants' website traffic and data analytics regarding the percentage of visitors to Defendants' websites who originated from a search engine." (Mot. at 2.) And Defendants argue that the disclosure of this information could harm their business interests because their "business competitors would have access to the information and could use it to Defendants' detriment." (Id. at 3.) But Defendants provide no declaration in support of these arguments or characterization of the records. Plaintiff takes no position on the Motion to Seal.

F. **Defendants' Motion to Seal Exhibits Re: Response to Motion to Exclude Steckel & Vanderhart**

Defendants ask the Court to seal "specific financial numbers" in four pages of their response brief to Plaintiff's Motion to Exclude Steckel and Vanderhart. (See Defs. Mot. to Seal (Dkt. No. 112) (citing Dkt. No. 116).) But Defendants provide nothing more than legal argument as to why this information should be kept confidential. Plaintiff has filed no response.

G. **Defendants' Motion to Seal Reply to Motion for Summary Judgment**

Defendants have filed a Motion to Seal portions of two pages of their reply in support of their Motion for Summary Judgment. (Dkt. No. 131.) Defendants take no position on whether the materials should be sealed, and Plaintiff has filed no response or request that the pages be sealed. As such, no party has asked that these materials be sealed.

ORDER ON NINE MOTIONS TO SEAL - 8

# ANALYSIS

**A.    Legal Standard**

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the compelling interest test applies, as the materials the Parties ask the Court to seal are "more than tangentially related to the merits of the case." Id. On this point, the Parties agree. (See Pl. Resp. at 3 (Dkt. No. 95) (citing Ctr. for Auto Safety, 809 F.3d at 1096-97); Pl. Mot to Seal (Dkt. No. 74); Pl. Resp. at 3 (Dkt. No. 135); Defs. Mots. to Seal at 2 (Dkt. Nos. 80, 106, 112).)

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty . of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a

1 less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B).

2 "Evidentiary support from declarations must be provided where necessary." Id.

3 **B.     Plaintiff's Requests to Seal**

4 Through its Motion to Seal and its responses to several of Defendants' Motions to Seal, Plaintiff has requested the sealing of fifteen documents and portions of two briefs. (See Dkt. Nos. 74, 95, 135.) The Court DENIES the related Motions and requests to seal.

First, the Court finds that Plaintiff has not met the compelling interest test to explain why the Exhibits E, M, O, W, and MM to the Ratain Declaration should be sealed. (See Mot. to Seal (Dkt. No. 81); Pl. Resp. (Dkt. No. 95).) Mayer describes Exhibits E, M, W, and MM as including information about Plaintiff's "income and business strategy, "income earned by Alpenspruce from 2017 through 2024 and includes the names of all of Alpenspruce's customers," "expenditures in marketing and advertising its products over the course of years," "the names of persons receiving payment from Alpenspruce, and the amounts paid," and "the total amount spent by Alpenspruce from 2018 through 2024 on marketing and promotion." (Mayer Decl. ¶¶ 5, 6, 7, 9 (referring to Exs. E, M, W, MM).) He also explains that four pages form Julie Francis' deposition "contain confidential information related to Alpenspruce's sales strategy and practices" that "is related to Alpenspruce's customer acquisitions, lead generation, and sales cycles." (Id. ¶ 10.) While the Court accepts the characterization of the content of these documents, it finds that Plaintiff has not met its burden to show that their "disclosure would cause an identifiable, significant harm." Foltz, 331 F.3d at 1131. Plaintiff relies exclusively on Mayer's statement that disclosure "could cause competitive and financial harm to Alpenspruce by allowing the public and potential competitors to see the vendor, marketing, and financial information of Alpenspruce, which could then be used in a competitive manner against

Alpenspruce." (Id. ¶ 8.) But the mere possibility of a "competitive and financial harm" is not adequate to show with any certainty there "would [be] . . . an identifiable, significant harm." Foltz, 331 F.3d at 1131 (emphasis added). Mayer nowhere explains how the specific information in each of these documents would cause a specific harm—speaking instead in vague generalities. Moreover, Mayer fails to explain whether or how the claimed "competitive and financial harm" (Mayer Decl. ¶ 8) would be "significant," Foltz, 331 F.3d at 1131. This evidentiary showing is inadequate. The Court therefore DENIES the Motion to Seal (Dkt. No. 81) and ORDERS the Clerk to UNSEAL Docket Nos. 85, 86, 87, 88, 89, and 98 (the correct copy of Ex. M). For these same reasons, the Court DENIES Defendants' Motion to Seal their Motion for Summary Judgment (Dkt. No. 79), which is derivative of the Motion to Seal filed at Dkt. No. 81. The Court ORDERS the Clerk to UNSEAL Dkt. No. 84.

Second, the Court does not find compelling interests justify sealing Voth's reports or deposition transcript. (See Defs. Mot. to Seal Dkt. No. 58; Pl. Mot. to Seal (Dkt. No. 74); Pl. Resp. to Defs. Mot. to Seal (Dkt. No. 95).) Plaintiff relies exclusively on Mayer's two declarations in which states that he "understand[s] that the reports of Drew Voth is [sic] based on this and other confidential financial documents we supplied him to facilitate the preparation of his reports." (Mayer Decl. ¶ 8 (Dkt. No. 96); see Mayer Decl. ¶ 7 (Dkt. No. 75).) Nowhere does Mayer state that he has actually reviewed either document—just that he "understands" they are based on certain documents. He also makes no representation about Voth's deposition testimony. And Mayer's relies on the same claimed harm from disclosure that the Court assessed above— that it "could cause competitive and financial harm to Alpenspruce by allowing the public and potential competitors to see the vendor, marketing, and financial information of Alpenspruce, which could then be used in a competitive manner against Alpenspruce." (Mayer Decl. ¶ 8 (Dkt.

No. 96).) The Court again finds Mayer's justification inadequate to meet the compelling interest test—that the harm be "significant" and "identifiable." See Foltz, 331 F.3d at 1131. Mayer does not state that the harm he claims will befall Plaintiff will be significant or how the specific information in Voth's reports (which he does not claim to have reviewed) would cause that harm. See id. Nor does he make any representation about Voth's deposition testimony. For these reasons, the Court DENIES Defendants' Motion to Seal (Dkt. No. 81) and Plaintiff's Motion to Seal (Dkt. No. 74). The Court ORDERS the Clerk to UNSEAL Dkt. Nos. 60, 61, 62, 78.[1]

Third, the Court rejects Plaintiff's request to seal three exhibits attached to Mayer's Declaration filed in support Plaintiff's Motion for Summary Judgment. (See Pl. Mot. to Seal at 3-4 (Dkt. No. 74) (asking to seal Exs. 2, 6, and 7 to the Declaration of Christopher Mayer (Dkt. No. 76-4)).) While the Court accepts Mayer's explanation of what these documents contain, the Court finds that his declaration fails to point to compelling interests that justify their sealing. Mayer again claims that disclosure of these documents "could cause competitive and financial harm to Alpenspruce by allowing the public and potential competitors to see the vendor, marketing, and financial information of Alpenspruce, which could then be used in a competitive manner against Alpenspruce." (Id. ¶ 8.) But as the Court has explained above, this assertion falls short of identifying a likelihood that "disclosure would cause an identifiable, significant harm." Foltz, 331 F.3d at 1131. The Court therefore DENIES Plaintiff's Motion to Seal (Dkt. No. 74) and ORDERS the Clerk to UNSEAL Dkt. No. 76-4.

Fourth, the Court rejects Plaintiff's request to seal Defendants' Opposition to Plaintiff's Motion for Summary Judgment and two exhibits filed in support. (See Defs. Mot. to Seal (Dkt.

---

[1] The Court notes that only a portion of Dkt. No. 78 contains the materials referred to here. But the remainder of Dkt. No. 78 is subject to unsealing as explained further in this Order.

No. 100 (citing Dkt. Nos. 103-105)); Pl. Resp. (Dkt. No. 135).) The primary flaw in Plaintiff's request is the absence of any evidentiary support. Plaintiff relies entirely on Mayer's declaration filed in Docket No. 95 to support the request. But Mayer's declaration does not speak to Exhibit G. And while he does reference his own deposition, the only pages that he claims contain confidential information do not overlap with any of the pages submitted with Exhibit H. As such, Plaintiff has not filed any evidence to support its claim that either document or the related briefing contains any confidential information. And even if it had, Mayer's same claims about harm fail to identify the significant, identifiable harm necessary for the Court to find compelling interests to seal the records. For these reasons, the Court DENIES the Motion (Dkt. No. 100) and ORDERS the Clerk to UNSEAL Docket Nos. 103, 104, and 105.

C. **Defendants' Motions to Seal**

Through various motions to seal, Defendants ask the Court to seal fifteen exhibits and portions of several briefs. (Dkt. Nos. 80, 106, 112, 118.) The Court finds no merit in these requests. Although Defendants recognize that they must meet the compelling interest standard, they fail to provide the Court with any evidence to support their legal argument that disclosure of these materials would cause an identifiable, significant harm. (See Defs. Mots. to Seal at 2 (Dkt. Nos. 80, 106, 112)); Foltz, 331 F.3d at 1131. As the Ninth Circuit has made clear, the Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Kamakana, 447 F.3d at 1178 (citation and quotation omitted); see Local Civil Rule 5(g)(3)(B) (noting the need for evidentiary support). Here, Defendants provide no evidence from which the Court could make a factual finding on which to base a ruling in their favor. The Court cannot make factual findings on legal argument or conjecture. Defendants have failed to meet their burden and the Court DENIES the

ORDER ON NINE MOTIONS TO SEAL - 13

1  Motions to Seal all of these records (Dkt. Nos. 74, 80, 106 & 112). The Court ORDERS the

2  Clerk to UNSEAL Docket Nos. 76, 76-1, 76-2, 76-3, 77, 78, 90, 91, 110, 111, 116.

3  Lastly, because neither party has affirmatively asked the Court to seal the brief filed

4  under seal at Docket No. 134, the Court DENIES Defendants' Motion to Seal (Dkt. No. 131) and

5  ORDERS the Clerk to UNSEAL Docket No. 134.

## CONCLUSION

Neither Party has provided the Court with sufficient evidence to foreclose the public from viewing the materials filed on the Court's docket. While Plaintiff attempted to provide evidentiary support for its sealing requests, the Court finds it inadequate to seal any of the materials at issue. For their part, Defendants failed to provide any evidentiary support. On the record presented to it, the Court finds no basis on which to grant any of the Motions to Seal. The Court therefore DENIES the Motions to Seal and ORDERS the Clerk to UNSEAL Docket Nos. 60, 61, 62, 76, 77, 78, 84, 85, 86, 87, 88, 89, 90, 91, 98, 103, 104, 105, 110, 111, 116, 134.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 6, 2025.

Marsha J. Pechman
United States Senior District Judge